IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VII HOLDINGS COMPANY, | ) | Bankr. Case No. 06-10935 (BLS) |
| | ) | |
| Involuntary Debtor. | ) | |
| | ) | |
| | ) | |
| ARA ERESIAN, JR., | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 08-258 (UNA) |
| | ) | |
| CAMBRIDGE PROPERTIES LLC and | ) | Bankr. Appeal No. 08-16 |
| SOUTHBRIDGE SAVINGS BANK, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

**MOTION OF CAMBRIDGE PROPERTIES, LLC AND
SOUTHBRIDGE SAVINGS BANK (I) FOR WAIVER OF MEDIATION
REQUIREMENTS, AND (II) TO DISMISS APPEAL OF ORDER DENYING
<u>MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE</u>**

Cambridge Properties, LLC ("Cambridge") and Southbridge Savings Bank

("Southbridge" and together with Cambridge, the "Appellees") hereby move this Court to

(i) waive the requirements of the Order Regarding Procedures to Govern Mediation of

Appeals from the United States Bankruptcy Court for This District, and (ii) dismiss the

appeal of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust ("Eresian") as untimely under

Rule 8002 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and for

failure to comply with Bankruptcy Rule 8006. Appellees also respectfully request that

the Court order Eresian to pay their costs and attorneys' fees incurred in preparing and

presenting this motion to dismiss. As further grounds for this motion, Appellees state:

1.      The genesis of this appeal is John Wilson's involuntary chapter 7 filing against the above-captioned involuntary debtor, VII Holdings, Inc. (the "Purported Debtor") which was dismissed when the Bankruptcy Court determined that Mr. Wilson filed the chapter 7 case in bad faith.  As set forth in more detail in Southbridge's *Motion for Entry of an Order Granting Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc* and Cambridge's *Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc*, filed in the Bankruptcy Court below, the events preceding the involuntary filing (including Mr. Wilson's prior involuntary bankruptcy filing against the Purported Debtor in Alabama) as well as Mr. Wilson's connections to certain non-debtor parties (including Mr. Eresian) who would directly benefit from any delay of the foreclosure sale, showed the unmistakable marks of an abusive, bad faith filing.  Wilson and/or those associated with him employed the bankruptcy process for the specific purpose of denying Southbridge its legitimate contractual and state law foreclosure remedies and invalidating a proper sale of real property to Cambridge.  After a hearing on Southbridge and Cambridge's motions, the bankruptcy court granted the motions and entered the *Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case* (the "Dismissal Order"). Wilson appealed that decision, which appeal was docketed as Civil Action No. 07-73-JJF and subsequently dismissed for failure to prosecute and to comply with Rule 8009(a)(1) of the Bankruptcy Rules.

2.      On October 29, 2007, the Appellant, Eresian, moved the Bankruptcy Court to reopen the Debtor's Chapter 7 case (the "Motion to Reopen").  Cambridge filed

an objection to that motion (the "Objection to Motion to Reopen),[1] in which Southbridge

joined.  The Bankruptcy Court denied the Motion to Reopen by an order entered on

January 9, 2008. [2]  <u>Over 80 days later</u>, Eresian filed his first notice of appeal of that

order.  Eresian's failure to timely file the notice of appeal mandates dismissal.

<u>The Appeal is Untimely and Must be Dismissed</u>

3.    Bankruptcy Rule 8002 provides a ten-day period from the "date of <u>entry</u>

of the judgment, order, or decree appealed from" in which to file the notice of appeal.

(emphasis added).  Under certain circumstances, however, an extension of time to appeal

may be granted provided that a written motion for such extension is filed within the 10-

day appeal period or upon a showing of excusable neglect, not later than 20 days after

expiration of the 10-day appeal period.  Fed. R. Bankr. P. 8002(c).  "An extension of time

for filing a notice of appeal <u>may not exceed 20 days from the expiration of the time for</u>

<u>filing a notice of appeal otherwise prescribed by this rule</u>."  Fed. R. Bankr. P. 8002(c)

(emphasis added).

4.    The Bankruptcy Court's order denying the Motion to Reopen was entered

on the docket on January 9, 2008.  Accordingly, under Rule 8002, Eresian had until

January 21, 2008 (January 19 being a Saturday) to file a notice of appeal or seek by

written motion an extension of time to file a notice of appeal.  Eresian's first notice of

appeal was filed with the clerk on April 3, 2008, over <u>80 days</u> after entry of the

Bankruptcy Court's order (over 70 days after expiration of the 10-day appeal period).

---

[1]  Copies of the Objection to Motion to Reopen and Southbridge's joinder therein are attached hereto as Exhibit A.

[2]  Copies of the order denying the Motion to Reopen and the docket in the bankruptcy case are attached hereto as Exhibits B and C, respectively.

Eresian failed to seek by written motion any extension time to file the notice of appeal either within the 10-day appeal period or within 20 days thereafter (assuming he could show excusable neglect).  Based on the plain language of Bankruptcy Rule 8002(a), Eresian's untimely filing of the notice of appeal cannot be cured, and deprives this Court of subject matter jurisdiction over the appeal.  See, e.g., Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3rd Cir. 1997) (the deadline of Bankruptcy Rule 8002(a) "is strictly construed. . . . The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review"); Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 494 (3rd Cir. 1998) (same).  Accordingly, the appeal must be dismissed.

5.    Although the Court need not look beyond Bankruptcy Rule 8002 to determine that dismissal is mandated, it should be noted that Eresian also failed to comply with Bankruptcy Rule 8006.  Bankruptcy Rule 8006 requires that the appellant file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after the filing of the notice of appeal.  See Fed. R. Bankr. P. 8006.  Because Eresian's (amended) notice of appeal was filed on April 10, 2008, Eresian was required to serve and file his designation of items in the record and statement of the issues to be appealed not later than April 21, 2008.  Eresian never sought an extension of the deadline.  The clerk of the bankruptcy court noted Eresian's non-compliance in the court's transmission of the appeal to this Court.

6.    Eresian's non-compliance with both Rule 8002 and Rule 8006 is without excuse and thus, in addition to necessitating immediate dismissal of the appeal, also warrants an order directing that Eresian pay Appellees' attorney's fees and costs in

preparing this motion.  See, e.g., In re SPR Corp., 45 F.3d 70 (4th Cir. 1995); Serra

Builders, Inc., 970 F.2d 1309 (4th Cir. 1992); In re Advance Cellular Sys., Inc., 262 B.R.

10 (D.P.R. 2001).

7.      This is not a case of non-compliance by an unsophisticated party.  Just the

opposite.  As was discussed in pleadings in the Court below, Eresian is no stranger to the

legal system, particularly bankruptcy matters; intentional delays and protracted litigation

appear to be his modus operandi.  The involuntary chapter 7 filing, which the Dismissal

Order dismissed and which Eresian's appeal seeks to resuscitate, was made for the

specific purpose of delaying and frustrating the Appellees' rights at state law.  Eresian's

motion to reopen the Chapter 7 case was plainly intended to further the same illegitimate

purpose, not to accord relief to the Debtor or to a creditor or equity holder of the Debtor

(the purpose generally associated with bankruptcy filings).  Thus, in addition to the

procedural defects warranting dismissal, good cause exists to award fees and costs to the

Appellees.

Relief from Mediation is Warranted

8.      Because Appellees seek dismissal of the appeal on clear procedural

grounds, Appellees respectfully submit that waiver of the Court's general order

governing mediation of appeals is appropriate under the circumstances.

9.      Continuing uncertainty regarding the finality of the matters at issue merely

furthers the bad-faith scheme initiated by Wilson's filing of the now-dismissed

involuntary petition, by perpetuating the cloud on title to the Massachusetts Property that

Wilson sought to create by filing the involuntary petition in the first place.  Simply put, it

is in Eresian's interest to drag out this appeal as long as possible.  Equally significant,

given the nature of order from which Eresian appeals and the unassailable procedural grounds for dismissal, there are no disputes between Eresian and Appellees that are susceptible to resolution through mediation.

10.    As the further delay of mediation would serve no purpose other than to give Eresian what was sought by the bad faith filing of the involuntary bankruptcy petition, an exemption from the requirement of mediation is appropriate.

WHEREFORE, Appellees respectfully request entry of an order (i) waiving the Court's order governing mediation of appeals as it relates to this appeal, (ii) dismissing this appeal, and (iii) awarding Appellees' attorney's fees and costs.

Respectfully submitted,

CAMBRIDGE PROPERTIES, LLC
SOUTHBRIDGE SAVINGS BANK,

By their counsel,

  /s/ David M. Fournier
David M. Fournier (DE No. 2812)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

- and -

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

Dated:  May 12, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, David M. Fournier, hereby certify that on the 12th day of May, 2008, I caused

the foregoing **Motion of Cambridge Properties, LLC and Southbridge Savings Bank (I) for**

**Waiver of Mediation Requirements, and (II) to Dismiss Appeal of Order Denying Motion**

**to Reopen Chapter 7 Bankruptcy Case** to be served upon the following parties by first-class

mail, or in the manner indicated.


Ara Eresian, Jr.
Trustee of Zu Zu Realty Trust
P.O. Box 449
Shrewsbury, MA 01545
**Via First Class Mail and Priority Mail**

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE  19805
**Via First Class Mail**

John Wilson
196 West River Street
Orange, MA  01364
**Via First Class Mail**

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE  19899-0035
**Via First Class Mail**


  /s/ David M. Fournier
David M. Fournier (DE No. 2812)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VII HOLDINGS COMPANY, | ) | Bankr. Case No. 06-10935 (BLS) |
| | ) | |
| Involuntary Debtor. | ) | |
| | ) | |
| | ) | |
| ARA ERESIAN, JR., | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 08-258 (UNA) |
| | ) | |
| CAMBRIDGE PROPERTIES LLC and | ) | Bankr. Appeal No. 08-16 |
| SOUTHBRIDGE SAVINGS BANK, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

**ORDER GRANTING MOTION OF CAMBRIDGE PROPERTIES, LLC AND
SOUTHBRIDGE SAVINGS BANK (I) FOR WAIVER OF MEDIATION
REQUIREMENTS, AND (II) TO DISMISS APPEAL OF ORDER DENYING
MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE**

Upon consideration of the Motion of Cambridge Properties, LLC ("Cambridge")

and Southbridge Savings Bank ("Southbridge" and together with Cambridge, the

"Appellees") (I) For Waiver of Mediation Requirements, and (II) To Dismiss Appeal of

Order Denying Motion to Reopen Chapter 7 Bankruptcy Case (the "Motion"), dated May

12, 2008,[1]  and due and proper notice having been given; and the Court having

considered the Motion, and all responses; and after due deliberation and sufficient cause

appearing therefore;  **IT IS HEREBY ORDERED** that:

1.      The Motion is hereby GRANTED.

---

[1] All capitalized terms not herein defined shall have the same meaning as ascribed to them in the Motion.

2.      The requirements of this Court's standing order of July 23, 2004 regarding Procedures To Govern Mediation of Appeals from the United States Bankruptcy Court for this District are hereby waived with regard to the above-captioned appeal.

3.      The above-captioned appeal of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust ("Appellant") is hereby dismissed as untimely under Rule 8002 of the Federal Rules of Bankruptcy Procedure.

4.      Appellant is hereby ordered to pay Appellees' costs and attorneys' fees incurred in preparing and presenting the Motion.


Dated: _____          _____
        Wilmington, Delaware          United States District Judge

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 7 |
| | ) | |
| VII HOLDINGS COMPANY, | ) | Case No. 06-10935 (BLS) |
| | ) | |
| Alleged Debtor. | ) | **Hearing Date: November 29, 2007 3:00 p.m.** |
| | ) | **Objection Deadline:  11/23/07 4:00 p.m.** |
| | ) | |
| | ) | **Relates to D.I. 42 and 45** |

## OPPOSITION OF CAMBRIDGE PROPERTIES, LLC TO MOTION OF ARA ERESIAN, JR., TRUSTEE OF ZU ZU REALTY TRUST, TO REOPEN BANKRUPTCY CASE

Cambridge Properties, LLC, by and through its attorneys, for its opposition to the Motion of Ara Eresian, Jr., Trustee of ZuZu Realty Trust, To Reopen Bankruptcy Case (the "Motion to Reopen"), states as follows:

1.      On January 16, 2007, this Court correctly dismissed John Wilson's bad faith filing of an involuntary petition against VII Holdings Company (the "Purported Debtor") in this case.  Mr. Wilson, with the assistance of Ara Eresian, Jr.'s surreptitious eleventh-hour transfer of a partial junior mortgage interest to the Purported Debtor, employed the bankruptcy process to attempt to (i) deny Southbridge Savings Bank ("Southbridge") its legitimate contractual and state law foreclosure remedies (for which Southbridge already had secured stay relief, over Mr. Eresian's objection, in a <u>Massachusetts</u> bankruptcy case) and (ii) invalidate a lawful sale of residential property located in Charlton, Massachusetts to Cambridge Properties, LLC ("Cambridge").

2.      The saga continues: Zu Zu Realty Trust, for which Mr. Eresian holds himself out as trustee, now seeks to reopen the involuntary case that Mr. Wilson filed in bad faith, not for the purpose of according relief to the Purported Debtor, but rather to try to deny Cambridge the relief it obtained almost a year ago.  Mr. Eresian files the Motion to Reopen in an attempt to

have the Court reconsider its orders granting the Motion of Cambridge Properties, LLC to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc (the "Motion to Dismiss") and the Motion of Southbridge Savings Bank for Entry of an Order Granting Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc (the "Motion to Vacate Stay" and, together with the Motion to Dismiss, the "Motions").

3.    ZuZu Realty Trust's Motion to Reopen, like Mr. Wilson's involuntary filing, is itself an abuse of process and should be sanctioned.  Because (1) Zu Zu Realty Trust may not appear *pro se*, (2) the Motion to Reopen constitutes a collateral attack on a valid, final order of another bankruptcy court, (3) Mr. Eresian had actual or constructive notice of Cambridge's motion to dismiss and failed to bring a timely objection to dismissal, and (4) the reopening of the involuntary case would be a futile act, the Motion to Reopen should be denied.

### Zu Zu Realty Trust May Not Appear *Pro Se*

4.    It is blackletter law that a trust may not be represented *pro se* through its trustee or any non-lawyer.  *Van De Berg v. Commissioner*, 175 Fed. Appx. 539 (3d Cir. 2006) ("a non-lawyer trustee… may not represent a trust *pro se* before this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel.").  Upon information and belief, Mr. Eresian is not licensed to practice law (notwithstanding his legal training).  Because Mr. Eresian, a non-lawyer, filed the Motion to Reopen purporting to represent Zu Zu Realty Trust *pro se* before this Court, the Motion to Reopen must be denied.[1]

### The Motion to Reopen Is a Collateral Attack on a Valid Bankruptcy Court Order

---

[1] Should the Court find that Mr. Eresian may prosecute the Motion to Reopen *pro se*, then, in addition to any other bases for an award of sanctions against Mr. Eresian, Cambridge seeks an award of sanctions against Mr. Eresian pursuant to 28 U.S.C. § 1927.

5.      In seeking to undo this Court's dismissal of the involuntary petition and the District Court's dismissal with prejudice of Mr. Wilson's appeal of this Court's dismissal order to advance Mr. Eresian's own personal interests, Mr. Eresian also seeks to undo certain orders of the United States Bankruptcy Court for the District of Massachusetts.  Of course, Mr. Eresian does not announce that he is seeking to undo another court's orders, but that would be the direct consequence should he obtain the relief sought in the Motion to Reopen.

6.      Mr. Eresian states in the Motion to Reopen that the "penultimate effect" of Cambridge's motion to dismiss was "a retroactive deprivation of [Zu Zu Realty Trust's] vested interest in the [Charlton property][2]… without due process of law."  *See* Motion to Reopen at 5. That statement is wholly inaccurate and disingenuous..  If any deprivation of some Zu Zu Realty Trust "vested interest" in the Charlton property occurred, it occurred well before this Court's order dismissing this involuntary case, after adequate notice and an opportunity to be heard. Any rights of Mr. Eresian (and Zu Zu Realty Trust) with respect to the Charlton property were fully determined by the Massachusetts bankruptcy court in connection with the Chapter 7 case of Jonathan C. Piehl.  There, over Zu Zu Realty Trust's objections, the Honorable Judge Henry J. Boroff initially authorized the Chapter 7 trustee to sell the Charlton property free and clear of the interests held by "Zu Zu Realty Trust and/or Ara Eresian, Jr." and then, following the Chapter 7 trustee's subsequent abandonment of the Charlton property, granted Southbridge relief from the automatic stay to take possession of and foreclose on its mortgage on the Charlton property.  A copy of the sale order dated February 7, 2006 is attached hereto as Exhibit A.  A copy of the order granting relief from the automatic stay dated May 16, 2006 is attached hereto as Exhibit B. Southbridge merely proceeded in accordance with the bankruptcy court's express authorization

---

[2]      Of course, the Purported Debtor did not own the Charlton property of which Mr. Eresian complains, but rather a partial interest in a junior mortgage on the Charlton property.

in selling the Charlton property to Cambridge.  Neither that sale nor the dismissal of Mr.

Wilson's bad faith involuntary bankruptcy filing deprived Mr. Eresian or his Zu Zu Realty Trust

of anything without sufficient process.

7.      Mr. Eresian seeks to invalidate a foreclosure sale for which the Massachusetts

Bankruptcy Court expressly granted stay relief over Mr. Eresian's objection.  Because the

Motion to Reopen constitutes an impermissible collateral attack on a valid, final order of the

Massachusetts bankruptcy court, the Motion to Reopen should be denied.

### Mr. Eresian Had Notice of the Motion to Dismiss

8.      Even if Mr. Eresian or his Zu Zu Realty Trust were a "party in interest" in this

bankruptcy case, a very dubious proposition,[3] Mr. Eresian had actual or constructive notice of

the Motion to Dismiss and Motion to Vacate Stay that were filed in this case and failed to object.

Indeed, Mr. Eresian is quite careful in the Motion to Reopen to avoid saying that he lacked

actual knowledge of the Motions before the hearing thereon.  He instead complains that he did

not appear on the Certificate of Service filed in connection with the Motions.[4]

9.      As set forth in the Declaration of James T. Hargrove which accompanies this

Opposition, at a hearing on Cambridge's summary process action against Jonathan Piehl and his

sister in the Massachusetts Housing Court, Dudley Division in December 2006,[5] Attorney Israel

---

[3]      ZuZu Realty Trust (for which Eresian allegedly is trustee) appeared in Jonathan Piehl's Chapter 7 bankruptcy case in the District of Massachusetts.  In that case, Southbridge sought, and obtained over Eresian's objection, relief from the automatic stay to foreclose on the Charlton property.  It is doubtful that Eresian or Zu Zu Realty Trust are parties in interest in this bankruptcy case where they are not creditors of the Purported Debtor and have not shown any other legitimate basis for standing.

[4]      Mr. Eresian has not proven that he or his ZuZu Realty Trust held an interest in the Purported Debtor's property or the relief requested in the Motions that would warrant service under Del. Bankr. L.R. 4001-1 or otherwise.

[5]      This Court might recall that following the sale of the Charlton property to Cambridge, Cambridge found stiff resistance from the former owners and occupants of that residence, Jonathan Piehl and his sister.  Cambridge sought to evict the Piehls from the Charlton property in the Massachusetts Housing Court, Dudley Division.  Mr. Eresian has been instrumental in delaying those proceedings for almost a year.  The Piehls' and Eresian's last attempt to deprive Cambridge of its rights in the Charlton property (before Mr. Eresian's filing of the motion to reopen this case) was the "voluntary" Chapter 7 filing of a man believed to be Jonathan Piehl's nephew, Joshua M. Piehl, in the Western Division of the United States Bankruptcy Court for the District of Massachusetts (Case No.

(continued...)

M. Sanchez, Jr. represented to Attorney Hargrove that he (Sanchez) represented Mr. Eresian. *See* Hargrove Aff. ¶ 4. Based on Attorney Sanchez's representation, Attorney Hargrove caused a copy of both Motions to be sent by first class mail to Attorney Sanchez. *See* Hargrove Aff. ¶ 5. Neither Attorney Sanchez nor Mr. Eresian responded to the letter or either of the Motions. In addition to the notice given to Mr. Eresian's counsel, based on all the facts stated in the Motion to Dismiss, there is a strong presumption that Mr. Eresian knew about the Motions through either Mr. Wilson (whose close ties to Mr. Eresian are no coincidence) or the Purported Debtor itself. At a minimum, Mr. Eresian should be compelled to disclose, under oath, his connections to any and all entities and individuals involved in this case, the actual state of his knowledge regarding the Motions, and the extent of his participation in the drafting of the pleadings filed by Mr. Wilson in this case, before claiming that he was deprived of notice.

## Reopening the Involuntary Case would be Futile

10. Finally, the Motion to Reopen should be denied on the grounds of futility. The Court already has found, based upon the record made at the hearing on the Motions, that the very existence of this bankruptcy case was the product of bad faith conduct. In the Motion to Reopen, Mr. Eresian fails to advance a single fact or legal theory that could result in the Court reaching a different conclusion if it were to reopen the case and reconsider the Motions. In the absence of any such showing, the doctrine of futility warrants denial of the Motion to Reopen. *See AWC*

---

(continued...)

07-42966). The Piehls claimed that Joshua's Chapter 7 filing automatically stayed the eviction proceedings in Housing Court. The evidence was overwhelming that Joshua did not in fact reside at the Charlton property and therefore, the bankruptcy court found that the automatic stay was not applicable to the Housing Court proceedings. *See* Order in Case No. 07-42966 dated August 30, 2007 (Rosenthal, J.), a copy of which is attached hereto as Exhibit C. Zu Zu Realty's motion to reopen, which comes almost a year after this Court's dismissal of this case, follows closely the bankruptcy court's denial of the Piehls' last ditch effort to remain in the Charlton property. This again must be more than mere coincidence.

*Liquidation Corp. v. Orentzel (In re American White Cross, Inc.)*, 269 B.R. 555, 559-560 (D.

Del. 2001) (affirming denial of motion to intervene as futile, where claims sought to be asserted

through intervention lacked merit).

## Conclusion

11.    Given the events preceding this case and the relationship between or among Mr.

Eresian, Zu Zu Realty, Mr. Wilson and the Purported Debtor, the Motion to Reopen shows the

unmistakable marks of an abusive filing, intended solely to unreasonably and vexatiously

multiply proceedings and deprive Cambridge of the rights it obtained over a year ago.  As

Cambridge stated in its Motion to Dismiss, and as the Court recognized in granting the Motion to

Dismiss, it is this Court's duty to rein in such abuse.  For the reasons set forth above, Cambridge

respectfully requests that the Court (i) deny Zu Zu Realty Trust's motion to reopen this case, (ii)

deny any waiver of fees requested by ZuZu Realty Trust to the extent the same otherwise are or

become payable, (iii) pursuant to Fed.R.Bankr.P. 9011(c)(1)(B), issue an order to show cause

why Mr. Eresian has not violated Fed.R.Bankr.P. 9011(b); (iv) grant attorney's fees and costs to

Cambridge, and (v) grant it such other and further relief as this Court determines just and proper.


Respectfully submitted,

CAMBRIDGE PROPERTIES, LLC

By its counsel,

  /s/ David M. Fournier
David M. Fournier (DE No. 2812)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

and

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

Dated:  November 21 , 2007

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) | CASE NO. 02-40711-HJB |
| JONATHAN C. PIEHL, | ) |  |
| DEBTOR | ) |  |

**ORDER APPROVING AND AUTHORIZING SALE OF REAL ESTATE**

Upon consideration and this Court's prior entry of Partial Judgment in Adversary Number 03-4284, the Amended Motion of the Chapter 7 Trustee, Tali A. Tomsic, (the "Trustee") for Approval of Private Sale of Real Estate Free and Clear of all Liens and Encumbrances of Record, and for an order authorizing and approving the Trustee's sale of real property located at 27 Reynolds Street, Charlton, Massachusetts, (the "Property") free and clear of all liens and encumbrances of record, after proper notice having been given and it appearing that the sale of the Property is in the best interests of the Debtor's estate and creditors; and sufficient cause being shown, it is hereby ORDERED, ADJUDGED AND DECREED

THAT, the Trustee is authorized to sell the Property to Edward B. Bergen, 77 Wilson Avenue, Spencer, MA, 01562 for the sum of $85,000.00;

THAT, the sale shall be free and clear of all liens, claims and encumbrances;

THAT, all such liens claims and encumbrances shall attach to the proceeds of this sale, net of all actual costs and expenses of this sale, real estate taxes and other miscellaneous costs which may be paid at the closing or when incurred, whichever is later; and

THAT, the Chapter 7 Trustee shall be authorized, pursuant to 11 U.S.C. Section 363(b), to sell the right, title and interest of the Debtor, together with any right, title and interest held by ZuZu Realty Trust and/or Ara Eresian, Jr., in and to the Property, without the necessity of any deeds or other documents of conveyance from ZuZu Realty Trust or Ara Eresian, Jr. in order to convey marketable title to the Property.

Henry J. Boroff, United States Bankruptcy Judge

Dated:

2/7/06

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                                              CHAPTER 7
       JONATHAN C. PIEHL,                           CASE NO. 02-40711 9
              Debtor

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
AND AUTHORITY TO FORECLOSE MORTGAGE

After review of Petitioner Southbridge Savings Bank's Affidavit of Non-Compliance filed with this Court, it is hereby ordered that:

Petitioner is granted Relief from Automatic Stay and is, hereby, authorized to proceed with exercising its rights under its agreements with the Debtor and under applicable law (subject to Debtor's discharge, if any), including, without limitation, taking possession of and/or foreclosure of its mortgage as set forth in Worcester District Registry of Deeds, Book 17026, Page 365 on the property located at 27 Reynolds Road, Charlton, Worcester County, Massachusetts and to bring such actions, including eviction proceedings in accordance with state law as may be appropriate or necessary to obtain complete possession thereof;

Dated this 16 of May , 2006 at the United States Bankruptcy Court.

_____
United States Bankruptcy Court Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Proceeding Memorandum/Order

In Re:   Joshua M. Piehl                                        Case Number:  07-42966  ( JBR )

Matter:                                                          Chapter:      7

#12 Motion of  Cambridge Properties, LLC for Determination of Applicability of Automatic Stay (27 Reynolds Road, Charlton, MA)  and #22 Opposition of Debtor

**MOVANT/APPLICANT/PARTIES**

David E. Silverman for Cambridge Properties, LLC
Joshua M. Piehl, Pro Se

**COURT ACTION:**

**Show Cause Order** _____ **Released** _____ **Enforced**
_____ **Granted** _____ **Approved** _____ **Moot**
_____ **Denied** _____ **Denied without Prejudice**
_____ **Withdrawn in Open Court**
_____ **Sustained** _____ **Overruled**
_____ **Continued to:** _____
_____ **Proposed Order to be Submitted by:**_____
_____ **Stipulation to be Submitted by:**_____
_____ **Taken Under Advisement**

**DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:**

Based on the record before the Court, it appears that the Debtor does not reside in the premises and therefore the stay is not applicable. To the extent that Debtor is seeking in this Bankruptcy to litigate the quality of Management, this Court hereby abstains from that dispute.

SO ORDERED

_Joel B. Rosenthal_                                Dated:  8/30/07

Joel B. Rosenthal

## CERTIFICATE OF SERVICE

I, David M. Fournier, do hereby certify that on the 21st day of November, 2007, I did serve the foregoing **Opposition of Cambridge Properties, LLC to Motion of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust, to Reopen Bankruptcy Case** by causing a true and correct copy to be served upon the following parties in the manner indicated:

Ara Eresian, Jr.
Trustee of Zu Zu Realty Trust
P.O. Box 449
Shrewsbury, Massachusetts 01545
**VIA FIRST CLASS MAIL AND PRIORITY MAIL**

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19805
**VIA FIRST CLASS MAIL**

John Wilson
196 West River Street
Orange, Massachusetts 01364
**VIA FIRST CLASS MAIL**

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, Delaware 19899-0035
**VIA FIRST CLASS MAIL**

/s/ David M. Fournier
David M. Fournier (DE No. 2812)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 7 |
| | ) | |
| VII HOLDINGS COMPANY, | ) | Case No. 06-10935 (BLS) |
| | ) | |
| Alleged Debtor. | ) | **Hearing Date: November 29, 2007 3:00 p.m.** |
| | ) | **Objection Deadline:  11/23/07 4:00 p.m.** |
| | ) | |
| | ) | **Relates to D.I. 42, 45 and 50** |

### JOINDER OF SOUTHBRIDGE SAVINGS BANK IN OPPOSITION OF CAMBRIDGE PROPERTIES, LLC TO MOTION OF ARA ERESIAN, JR., TRUSTEE OF ZU ZU REALTY TRUST, TO REOPEN BANKRUPTCY CASE

Southbridge Savings Bank, by and through its undersigned counsel, hereby joins in the

Opposition Of Cambridge Properties, LLC To Motion Of Ara Eresian, Jr., Trustee Of ZuZu

Realty Trust, To Reopen Bankruptcy Case, and incorporates such Opposition herein by reference

as if fully here set forth.

Respectfully submitted,

SOUTHBRIDGE SAVINGS BANK

By its counsel,

 /s/ David M. Fournier
David M. Fournier (DE No. 2812)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

Dated:  November 21 , 2007

## CERTIFICATE OF SERVICE

I, David M. Fournier, do hereby certify that on the 21st day of November, 2007, I did

serve the foregoing **Joinder of Southbridge Savings Bank in Opposition of Cambridge**

**Properties, LLC to Motion of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust, to Reopen**

**Bankruptcy Case** by causing a true and correct copy to be served upon the following parties in

the manner indicated:


Ara Eresian, Jr.
Trustee of Zu Zu Realty Trust
P.O. Box 449
Shrewsbury, Massachusetts 01545
**VIA FIRST CLASS MAIL AND PRIORITY MAIL**

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, Delaware  19805
**VIA FIRST CLASS MAIL**

John Wilson
196 West River Street
Orange, Massachusetts  01364
**VIA FIRST CLASS MAIL**

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, Delaware  19899-0035
**VIA FIRST CLASS MAIL**


/s/ David M. Fournier
David M. Fournier (DE No. 2812)

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| VII HOLDINGS COMPANY, | : | |
| | : | Case No. 06-10935 (BLS) |
| Involuntary Debtor. | : | |
| | : | **Related Docket Nos. 42, 56** |

## ORDER DENYING MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE

Upon consideration of the Motion of Interested Party Ara Eresian, Jr., Trustee of

Zu Zu Realty Trust to Reopen Bankruptcy Case and Memorandum in Support Thereof (the

"Motion") and the record in this case; and for the reasons stated by the Court on the record at the

hearing in this case on December 13, 2007; **IT IS HEREBY ORDERED** that:

1.    The Motion is hereby denied with prejudice.

Dated: 1/8/08
Wilmington, Delaware

Honorable Brendan Linehan Shannon
United States Bankruptcy Judge

# EXHIBIT C

DISMISSED, CLOSED, LeadSC, APPEAL

# U.S. Bankruptcy Court
## District of Delaware (Delaware)
### Bankruptcy Petition #: 06-10935-BLS

*Assigned to:* Brendan Linehan Shannon    *Date Filed:* 08/30/2006
Chapter 7                                 *Date Terminated:* 08/14/2007
Involuntary                               *Date Dismissed:* 01/16/2007
No asset

*Petitioning Creditor*                    represented by **John Wilson**
**John Wilson**                           PRO SE
196 West River Street
Orange, MA 01364

*Alleged Debtor*                          represented by **VII Holdings Company**
**VII Holdings Company**                  PRO SE
2711 Centerville Road, Suite 400
Wilmington, DE 19805
Tax id: 20-3459444

*U.S. Trustee*
**United States Trustee**
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
302-573-6491

| Filing Date | # | Docket Text |
|---|---|---|
| 08/30/2006 | 1 | Chapter 7 Involuntary Petition Fee Amount $299.Receipt # 75521 Re: VII Holdings Company Filed by Petitioning Creditor(s): John Wilson . (CLO, ) (Entered: 08/30/2006) |
| 08/30/2006 | 2 | Notice Regarding Summons in Involuntary Case (CLO, ) (Entered: 08/30/2006) |
| 09/01/2006 | 3 | BNC Certificate of Mailing. (related document(s)2 ) Service Date 09/01/2006. (Admin.) (Entered: 09/02/2006) |
| 12/08/2006 | 4 | Notice of Hearing on Status Conference. Hearing scheduled for 1/4/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (related document(s)1 ) (MML, ) (Entered: 12/08/2006) |

| 12/08/2006 | 5 | BNC Notice of Notice of Hearing on Status Conference (related document(s)4 ) (MML, ) (Entered: 12/08/2006) |
|---|---|---|
| 12/10/2006 | 6 | BNC Certificate of Mailing. (related document(s)5 ) Service Date 12/10/2006. (Admin.) (Entered: 12/11/2006) |
| 12/10/2006 | 7 | BNC Certificate of Mailing - Hearing. (related document(s)4 ) Service Date 12/10/2006. (Admin.) (Entered: 12/11/2006) |
| 12/21/2006 | 8 | Involuntary Summons Issued by the Court to Petitioning Creditor for Service on Alleged Debtor. Summons and Petition Must Be Served by Petitioning Creditor by 12/28/2006. Petitioning Creditor Must File a Certificate of Service with the Court within 5 days of serving the Involuntary Summons and Petition upon Alleged Debtor. (MML, ) (Entered: 12/22/2006) |
| 12/22/2006 | 9 | Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc Filed by Cambridge Properties, LLC.. Hearing scheduled for 1/9/2007 at 10:30 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 1/2/2007. (Attachments: # 1 Notice # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Certificate of Service) (Fournier, David) Modified duplicate text on 1/5/2007 (MML, ). (Entered: 12/22/2006) |
| 12/22/2006 | 10 | Motion for Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc. Fee Amount $150. Filed by Southbridge Savings Bank. Hearing scheduled for 1/9/2007 at 10:30 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 1/2/2007. (Attachments: # 1 Notice # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Certificate of Service) (Fournier, David) Modified duplicate text on 1/5/2007 (MML, ). (Entered: 12/22/2006) |
| 12/27/2006 | 14 | Summons Service Executed on VII Holdings Company (related document(s)8 ) Filed by John Wilson . (MML, ) (Entered: 01/03/2007) |
| 12/28/2006 | 11 | Receipt of filing fee for Motion for Relief From Stay (B)(06-10935-BLS) [motion,mrlfsty] ( 150.00). Receipt Number 75864, amount $ 150.00. (CLO) (Entered: 12/28/2006) |
| 12/28/2006 | 12 | Re-Notice of Hearing (related document(s)10 ) Filed by Southbridge Savings Bank. Hearing scheduled for 1/12/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 1/5/2007. (Attachments: # 1 Exhibit A - Proposed Order# 2 Certificate of Service) (Fournier, |

| | | |
|---|---|---|
| | | David) Modified text on 1/5/2007 (MML, ). (Entered: 12/28/2006) |
| 12/28/2006 | 13 | Re-Notice of Hearing (related document(s)9 ) Filed by Cambridge Properties, LLC.. Hearing scheduled for 1/12/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 1/5/2007. (Attachments: # 1 Exhibit A - Proposed Order# 2 Certificate of Service) (Fournier, David) Modified text on 1/5/2007 (MML, ). (Entered: 12/28/2006) |
| 01/10/2007 | 15 | Notice of Agenda of Matters Scheduled for Hearing Filed by Cambridge Properties, LLC., Southbridge Savings Bank. Hearing scheduled for 1/12/2007 at 11:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (Fournier, David) (Entered: 01/10/2007) |
| 01/12/2007 | 16 | Hearing Held/Court Sign-In Sheet (related document(s)15 ) (LCN, ) (Entered: 01/12/2007) |
| 01/12/2007 | 17 | Certification of Counsel *Regarding Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case* (related document(s)10, 1, 9 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank. (Attachments: # 1 Exhibit A - Proposed Order# 2 Exhibit B - Blackline# 3 Certificate of Service) (Fournier, David) (Entered: 01/12/2007) |
| 01/12/2007 | 18 | Objection to */Opposition to Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc* (related document(s)9 ) Filed by John Wilson (MML, ) (Entered: 01/16/2007) |
| 01/12/2007 | 19 | Objection to */ Opposition to Motion for Entry of an Order Granting Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc* (related document(s)10 ) Filed by John Wilson (Attachments: # 1 Affidavit) (MML, ) (Entered: 01/16/2007) |
| 01/16/2007 | 20 | Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case(Related Doc #1 9 1017)Order Signed on 1/16/2007. (JMW) (Entered: 01/16/2007) |
| 01/18/2007 | 21 | Affidavit/Declaration of Service *re: Signed Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case* (related document(s)20 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank. (Fournier, David) (Entered: 01/18/2007) |
| 01/22/2007 | 22 | Certification of Counsel *Regarding Fees and Costs* (related document(s)20 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Form of |

| | | |
|---|---|---|
| | | Order # 4 Certificate of Service) (Fournier, David) (Entered: 01/22/2007) |
| 01/23/2007 | 23 | "DISPOSED, SEE DOCKET #37" Notice of Appeal . Receipt Number 75971, Fee Amount $255. (related document(s)20 ) Filed by John Wilson. Appellant Designation due by 2/2/2007. (MML, ) (Civil Action Number: 07-73 ; BAP Number: 07-03) Modified text on 2/6/2007 (MML, ). Modified on 2/13/2007 (MML, ). Modified on 7/16/2007 (MML, ). (Entered: 01/23/2007) |
| 01/23/2007 | 24 | Notice of Filing Fee(s) Due By John Wilson. Filing Fee Due by 1/30/2007. (related document(s)23 ) (MML, ) (Entered: 01/23/2007) |
| 01/23/2007 | 25 | Clerk's Notice Regarding Filing of Appeal (related document(s)23 ) (MML, ) (Entered: 01/23/2007) |
| 01/25/2007 | 26 | BNC Certificate of Mailing. (related document(s)25 ) Service Date 01/25/2007. (Admin.) (Entered: 01/26/2007) |
| 01/25/2007 | 27 | BNC Certificate of Mailing. (related document(s)24 ) Service Date 01/25/2007. (Admin.) (Entered: 01/26/2007) |
| 02/01/2007 | 28 | Objection to *the Certification of Counsel Regarding Costs and Fees and Memorandum in Support Thereof* (related document(s)22 ) Filed by John Wilson (MML, ) (Entered: 02/02/2007) |
| 02/06/2007 | | Receipt Number 75971, Fee Amount $255.00 (related document(s) 23 ) (CLO, ) (Entered: 02/06/2007) |
| 02/07/2007 | 29 | Transcript of Hearing held on January 12, 2007 before the Honorable Brendan L. Shannon. (related document(s)15 ) (BJM) (Entered: 02/07/2007) |
| 02/07/2007 | 30 | Reply *of Cambridge Properties, LLC and Southbridge Savings Bank to Opposition of Petitioning Creditor John Wilson to the Certification of Counsel Regarding Costs and Fees* (related document(s)22, 28 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank (Attachments: # 1 Exhibit A# 2 Certificate of Service) (Fournier, David) (Entered: 02/07/2007) |
| 02/08/2007 | 31 | Transmittal of Record on Appeal to District Court. BAP #07-03 (related document(s)23 ) (MML, ) Modified to add BAP number on 2/8/2007 (MML, ). (Entered: 02/08/2007) |
| 02/08/2007 | 32 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 07-73 ; BAP Number: 07-03 (related document(s)31 ) (MML, ) (Entered: 02/13/2007) |

| | | |
|---|---|---|
| 02/22/2007 | 33 | Memorandum Opinion Denying the Request of Southbridge Savings Bank and Cambridge Properties, LLC for Attorney's Fees and Costs (related document(s)22)(JMW) (Entered: 02/22/2007) |
| 02/22/2007 | 34 | Order Denying the Request of Southbridge Savings Bank and Cambridge Properties, LLC for Attorney's Fees and Costs (related document(s)22) Order Signed on 2/22/2007. (JMW) Modified on 2/22/2007 (JMW). (Entered: 02/22/2007) |
| 02/22/2007 | 35 | Affidavit/Declaration of Service *re: Memorandum Opinion Denying the Request of Southbridge Savings Bank and Cambridge Properties, LLC for Attorney's Fees and Costs (Docket No. 33); Signed Order Denying the Request of Southbridge Savings Bank and Cambridge Properties, LLC for Attorney's Fees and Costs (Docket No. 34)* (related document(s)34, 33 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank. (Fournier, David) (Entered: 02/22/2007) |
| 07/16/2007 | 36 | Copy of Memorandum Opinion From District Court (related document(s)23 ) Signed on 7/13/2007. (MML, ) (Entered: 07/16/2007) |
| 07/16/2007 | 37 | Copy of Order From District Court Dismissing Appeal With Prejudice (related document(s)23, 36 ) Signed on 7/13/2007. (MML, ) (Entered: 07/16/2007) |
| 08/14/2007 | 38 | Order Closing Dismissed Case (MML, ) (Entered: 08/14/2007) |
| 08/14/2007 | 39 | Notice of Dismissal (related document(s)20 ) (MML, ) (Entered: 08/14/2007) |
| 08/14/2007 | | Bankruptcy Case Closed (MML, ) (Entered: 08/14/2007) |
| 08/16/2007 | 40 | BNC Certificate of Mailing - Notice of Dismissal. (related document(s)39 ) Service Date 08/16/2007. (Admin.) (Entered: 08/17/2007) |
| 08/16/2007 | 41 | BNC Certificate of Mailing - Order Closing Dismissed Case. (related document(s)38 ) Service Date 08/16/2007. (Admin.) (Entered: 08/17/2007) |
| 11/01/2007 | 42 | Motion to Reopen Chapter 7 Case . Fee Amount $260. Filed by Ara Eresian, Jr., Trustee of Zu Zu Realty Trust. Hearing scheduled for 11/29/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 11/23/2007. (Attachments: # 1 Exhibit 1# 2 Exhibit A) (MML, ) (Entered: 11/02/2007) |
| 11/01/2007 | 45 | Motion for an Order Waiving Filing Fee to Reopen Bankruptcy Case |

| | | |
|---|---|---|
| | | (related document(s)42 ) Filed by Ara Eresian, Jr., Trustee of Zu Zu Realty Trust. Hearing scheduled for 11/29/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 11/23/2007. (Attachments: # 1 Exhibit A# 2 Exhibit 1# 3 Exhibit A# 4 Certificate of Service) (MML, ) Modified text on 11/2/2007 (MML, ). (Entered: 11/02/2007) |
| 11/02/2007 | 43 | "ENTERED IN ERROR"Notice of Hearing on Motion to Reopen Chapter 7 Case. Hearing scheduled for 11/29/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 11/23/2007. (related document(s)42 ) (MML, ) Modified on 11/2/2007 (MML, ). (Entered: 11/02/2007) |
| 11/02/2007 | 44 | Notice of Hearing on Motion to Reopen Chapter 7 Case. Hearing scheduled for 11/29/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 11/23/2007. (related document(s)42 ) (MML, ) (Entered: 11/02/2007) |
| 11/02/2007 | 46 | Notice of Hearing on Motion for an Order Waiving Filing Fee to Reopen Bankruptcy Case. Hearing scheduled for 11/29/2007 at 03:00 PM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. Objections due by 11/23/2007. (related document(s)45 ) (MML, ) (Entered: 11/02/2007) |
| 11/02/2007 | 47 | Corrective Entry (related document(s)[43] ). The Notice of Hearing on Motion to Reopen Chapter 7 Case was entered in error. The wrong notice was used. (MML, ) (Entered: 11/02/2007) |
| 11/04/2007 | 48 | BNC Certificate of Mailing - Hearing. (related document(s)44 ) Service Date 11/04/2007. (Admin.) (Entered: 11/05/2007) |
| 11/04/2007 | 49 | BNC Certificate of Mailing - Hearing. (related document(s)46 ) Service Date 11/04/2007. (Admin.) (Entered: 11/05/2007) |
| 11/21/2007 | 50 | Objection to *Motion of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust, to Reopen Bankruptcy Case* (related document(s)42, 45 ) Filed by Cambridge Properties, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Certificate of Service) (Fournier, David) (Entered: 11/21/2007) |
| 11/21/2007 | 51 | Declaration of James T. Hargrove (related document(s)50 ) Filed by Cambridge Properties, LLC.. (Attachments: # 1 Exhibit 1) (Fournier, David) Modified text on 12/4/2007 (MML, ). (Entered: 11/21/2007) |
| 11/21/2007 | 52 | Joinder *of Southbridge Savings Bank in Opposition of Cambridge* |

| | | |
|---|---|---|
| | | *Properties, LLC to Motion of Ara Eresian, Jr., Trustee of Zu Zu Realty Trust, to Reopen Bankruptcy Case* (related document(s)42, 50, 45 ) Filed by Southbridge Savings Bank. (Attachments: # 1 Certificate of Service) (Fournier, David) Modified text on 12/4/2007 (MML, ). (Entered: 11/21/2007) |
| 11/29/2007 | 53 | **Virtual Minutes of: 11/29/2007** <br> **Subject:** MOTION TO REOPEN CHAPTER 7 CASE . FILED BY ARA ERESIAN, JR., TRUSTEE OF ZU ZU REALTY TRUST. and MOTION FOR AN ORDER WAIVING FILING FEE TO REOPEN BANKRUPTCY CASE FILED BY ARA ERESIAN, JR., TRUSTEE OF ZU ZU REALTY TRUST.. <br> **Appearances:** <br> **Proceedings:** NO HEARING HELD. ALL MATTERS ARE ADJOURNED TO 12/13 AT 3 P.M.. <br> (vCal Hearing ID (62226)). (related document(s) 42, 45) (REB, ) (Entered: 11/29/2007) |
| 12/13/2007 | 55 | **Virtual Minutes of: 12/13/2007** <br> **Subject:** MOTION TO REOPEN CHAPTER 7 CASE . FILED BY ARA ERESIAN, JR., TRUSTEE OF ZU ZU REALTY TRUST. and MOTION TO WAIVE FILING FEE. <br> **Appearances:** United States Trustee, TRUSTEE VII Holdings Company. <br> **Proceedings:** HEARING HELD. ORDER TO BE ENTERED DENYING MOTION TO REOPEN CHAPTER 7. ORDER TO BE ENTERED DENYING THE MOTION TO WAIVE FILING FEE AS MOOT.. <br> (vCal Hearing ID (63839)). (related document(s) 42) (REB, ) (Entered: 12/18/2007) |
| 12/14/2007 | 54 | Order Denying Motion for an Order Waiving Filing Fee to Reopen Bankruptcy Case. (Related Doc # 45) Order Signed on 12/13/2007. (LCN, ) (Entered: 12/14/2007) |
| 01/07/2008 | 56 | Certification of Counsel *Regarding Order Denying Motion to Reopen Chapter 7 Bankruptcy Case* (related document(s)42 ) Filed by Cambridge Properties, LLC., Southbridge Savings Bank. (Attachments: # 1 Exhibit A# 2 Certificate of Service) (Fournier, David) (Entered: 01/07/2008) |
| 01/09/2008 | 57 | Order Denying Motion to Reopen Chapter 7 Bankruptcy Case. (related document(s)42, 56 ) Order Signed on 1/8/2008. (LCN, ) (Entered: 01/09/2008) |
| 03/03/2008 | 58 | Letter Regarding Certification of Counsel Regarding Order Denying Motion to Reopen Chapter 7 Bankruptcy Case (related document(s) 56 ) Filed by Ara Eresian, Jr., Trustee of Zu Zu Realty Trust . |

| | | |
|---|---|---|
| | | (MML, ) (Entered: 03/04/2008) |
| 04/03/2008 | 59 | Notice of Appeal . Receipt Number 0, Fee Amount $255. (related document(s)57 ) Filed by Ara Eresian, Jr., Trustee of Zu Zu Realty Trust. Appellant Designation due by 4/14/2008. (BAP-08-16; CA-08-258) (MML, ) Modified to add appeal number on 4/7/2008 (MML, ). Modified to add civil action number on 5/6/2008 (MML, ). (Entered: 04/04/2008) |
| 04/04/2008 | 60 | Clerk's Notice Regarding Filing of Appeal (related document(s)59 ) (MML, ) (Entered: 04/04/2008) |
| 04/04/2008 | 61 | Notice of Filing Fee(s) Due By Ara Eresian, Jr., Trustee of Zu Zu Realty Trust. Filing Fee Due by 4/11/2008. (related document(s)59 ) (MML, ) (Entered: 04/04/2008) |
| 04/06/2008 | 62 | BNC Certificate of Mailing. (related document(s)60 ) Service Date 04/06/2008. (Admin.) (Entered: 04/07/2008) |
| 04/06/2008 | 63 | BNC Certificate of Mailing. (related document(s)61 ) Service Date 04/06/2008. (Admin.) (Entered: 04/07/2008) |
| 04/10/2008 | 64 | Amended Notice of Appeal . (related document(s)59 ) Filed by Ara Eresian, Jr., Trustee of Zu Zu Realty Trust. Appellant Designation due by 4/21/2008. (MML, ) (BAP-08-16; CA-08-258) Modified to add appeal number on 4/11/2008 (MML, ). Modified to add civil action number on 5/6/2008 (MML, ). (Entered: 04/11/2008) |
| 05/02/2008 | 65 | Transmittal of Record on Appeal to District Court. BAP-08-16; CA-08-258 (related document(s)59, 64 ) (MML, ) Modified to add civil action number on 5/6/2008 (MML, ). (Entered: 05/02/2008) |
| 05/02/2008 | 66 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 08-258; BAP Number: 08-16 (related document(s)65 ) (MML, ) (Entered: 05/06/2008) |