**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VII HOLDINGS COMPANY | ) | Bankr. Case No. 06-10935 (BLS) |
| | ) | Bankr. Appeal No. 08-16 |
| Involuntary Debtor. | ) | |
| | ) | |
| | ) | |
| ARA ERESIAN, JR., | ) | |
| Appellant | ) | |
| v. | ) | Civil Action No. 08-258-JJF |
| | ) | |
| CAMBRIDGE PROPERTIES LLC, | ) | |
| SOUTHBRIDGE SAVINGS BANK | ) | |
| | ) | |
| Appellees | ) | |
| | ) | |

**MOTION OF CAMBRIDGE PROPERTIES, LLC AND
SOUTHBRIDGE SAVINGS BANK FOR SANCTIONS UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 11(c)</u>**

Cambridge Properties, LLC and Southbridge Savings Bank (collectively, the "Appellees") hereby move this Court pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") for an order imposing sanctions on Ara Eresian, Jr. and Zu Zu Realty Trust (collectively, "Eresian").[1] In support of this motion, the Appellees state as follows:

1.  On April 3, 2008, Eresian filed a notice of appeal appealing the Bankruptcy Court's "Order Denying Motion to Reopen Chapter 7 Bankruptcy Case" ("Denial Order").

2.  Eresian is neither a creditor nor equity holder of the involuntary debtor (the "Purported Debtor"). Eresian's motion to reopen, like the involuntary petition filed against the Purported Debtor which was dismissed as a bad faith filing, was intended for the sole purpose of

---

[1] As certified in Exhibit A hereto, a copy of this motion was served on Mr. Eresian more than 20 days ago.

#9715617 v1

delaying and frustrating the Appellees' rights at state law.  The appeal of the Denial Order is merely a continuation of Eresian's efforts to use the legal process for an improper purpose.  Eresian has never stated any legitimate basis for either the motion to reopen or his appeal of the order denying that motion.

3. Eresian's appeal is untimely <u>by more than 70 days</u>.  Even a cursory review of the procedural rules would have revealed that the notice of appeal should not have been filed.  Under Bankruptcy Rule 8002(a), Eresian had 10 days from entry of the Denial Order in which to file the notice of appeal.  Alternatively, Eresian was required to move within the time limits set forth in Bankruptcy Rule 8002(c) for an extension of the time to file a notice of appeal.  Eresian did neither.

4. By letter dated April 10, 2008, which was a follow up to an earlier telephone discussion, Mr. Eresian was warned that the appeal was untimely and the untimeliness was incurable.  Despite ample opportunity to withdraw the notice of appeal, knowing the appeal could not be prosecuted, Mr. Eresian failed to withdraw the appeal.  This is not a simple case of ignorance of the rules by a pro se party.[2]  As was discussed at some length in the filings with the Bankruptcy Court in the Chapter 7 case, both in seeking dismissal of the involuntary petition by a Mr. Wilson, an individual who by no coincidence has some history with Mr. Eresian, and in seeking denial of the motion to reopen, Mr. Eresian is not a stranger to the legal system,

---

[2] It is black letter law a trust may not be represented *pro se* through its trustee or any non-lawyer.  *Van De Berg v. Commissioner*, 175 Fed. Appx. 539 (3d Cir. 2006) ("a non-lawyer trustee… may not represent a trust *pro se* before this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel.").  Because Mr. Eresian, a non-lawyer, filed the Motion to Reopen, purporting to represent his Zu Zu Realty Trust *pro se* before this Court, the Motion to Reopen must be denied.  The issue of Mr. Eresian's representation of Zu Zu Realty Trust was raised before the Bankruptcy Court.  The Bankruptcy Judge however deferred on the issue given that the motion to reopen was denied from the bench for other reasons..

particularly bankruptcy matters, and intentional delays and protracted litigation appear to be his modus operandi.

5.      Federal Rule of Civil Procedure 11(b) provides that, by presenting a pleading or other paper to the court, an attorney or unrepresented party certifies, among other things, that to the best of his knowledge, information, belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation.  Eresian's filing of the notice of appeal despite the clear dictates of Bankruptcy Rule 8002(a) and (c) as well as the fact that Eresian's filings do not serve a legitimate purpose violate that certification.  At a minimum, Mr. Eresian, a sophisticated litigant in state court and bankruptcy matters, including bankruptcy appeals, was required to make a reasonable review of the applicable laws and procedural rules before doing anything.  Reasonable inquiry into the rules governing appeals would have revealed that after January 21, 2008, Eresian could not bring an appeal without first seeking an extension of time within the time limits set forth in Bankruptcy Rule 8002(c).  For the reasons stated in the Appellee's motion to dismiss the appeal, which is incorporated by reference herein, Eresian's appeal was filed for an improper purpose.  Under the circumstances, sanctions are warranted.

**Conclusion**

The Appellees respectfully request that their motion for sanctions under Rule 11(c) be granted, and that this Court order Mr. Eresian and Zu Zu Realty Trust, jointly and severally, to reimburse Appellees for all legal fees incurred by Appellees in responding to Eresian's notice of appeal and any other filings in this appeal.

| | |
|---|---|
| Dated: June 10, 2008<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br><br>  /s/ David M. Fournier<br>David M. Fournier (DE No. 2812)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile:  (302) 421-8390<br><br>- and -<br><br>James T. Hargrove, Esq. (BBO # 550975)<br>Peter D. Bilowz, Esq. (BBO # 651383)<br>GOULSTON & STORRS, P.C.<br>400 Atlantic Avenue<br>Boston, Massachusetts 02110-3333<br>Telephone: (617) 482-1776<br>Facsimile: (617) 574-7621<br><br>*Counsel for Cambridge Properties, LLC,*<br>*Southbridge Savings Bank* |

# EXHIBIT A

## Rule 11 Certification

I hereby certify that on May 9, 2008 I caused a copy of the foregoing motion to be served upon Mr. Ara Eresian, Jr., via certified mail return receipt requested. A copy of the receipt is attached hereto. I further certify that, pursuant to Rule 11(c)(1), this motion was not filed with the Court until 21 days had elapsed following the effective date of service of the motion. Prior to the filing of this motion, I conferred with Mr. Eresian in a good faith attempt to resolve or narrow the issues presented by this motion. I certify under penalty of perjury that the foregoing is true and correct.

_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Mr. Ara Eresian, Jr.
   Zu Zu Realty
   P. O. Box 449
   Shrewsbury, MA 01545

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X _____ ☐ Agent
                ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No


MAY 15 2000

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
   7007 0220 0001 4060 3707

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Peter D. Bilowz, Esq.
Goulston & Storrs
400 Atlantic Avenue
Boston, MA 02110-3333

**goulston&storrs**
counsellors at law

WRITER'S INFORMATION
pbilowz@goulstonstorrs.com
617.574.4128 Tel
617.574.7621 Fax

May 9, 2008

BY CERTIFIED MAIL

Mr. Ara Eresian, Jr.
Zu Zu Realty Trust
P.O. Box 449
Shrewsbury, MA 01545

Re:   In re VII Holdings Company, Case No. 06-10935-BLS

Dear Mr. Eresian:

Enclosed please find a copy of Motion of Cambridge Properties, LLC and Southbridge Savings Bank for Sanctions Under Federal Rule of Civil Procedure 11(c). Under Rule 11, you have 21 days in which to withdraw your Amended Notice of Appeal, failing which we will file the enclosed the Motion seeking sanctions against you and Zu Zu Realty Trust.

Very truly yours,

Peter D. Bilowz

cc:   James Hargrove, Esq.
      David Fournier, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VII HOLDINGS COMPANY<br><br>     Debtor.<br><br>ARA ERESIAN, JR.,<br>     Appellant<br>  v.<br><br>CAMBRIDGE PROPERTIES LLC,<br>SOUTHBRIDGE SAVINGS BANK<br><br>     Appellees | Civil Action No. 08-258<br><br><br><br><br><br>Bankr. Case No. 06-10935<br>Bankr. Appeal No. 08-16 |

## MOTION OF CAMBRIDGE PROPERTIES, LLC AND SOUTHBRIDGE SAVINGS BANK FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(c)

Cambridge Properties, LLC and Southbridge Savings Bank (collectively, the "Appellees") hereby move this Court pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") for an order imposing sanctions on Ara Eresian, Jr. and Zu Zu Realty Trust (collectively, "Eresian"). In support of this motion, the Appellees state as follows:

1. On April 3, 2008, Eresian filed a notice of appeal appealing the Bankruptcy Court's "Order Denying Motion to Reopen Chapter 7 Bankruptcy Case" ("Denial Order").

2. Eresian is neither a creditor nor equity holder of the involuntary debtor (the "Purported Debtor"). Eresian's motion to reopen, like the involuntary petition filed against the Purported Debtor which was dismissed as a bad faith filing, was intended for the sole purpose of delaying and frustrating the Appellees' rights at state law. The appeal of the Denial Order is

merely a continuation of Eresian's efforts to use the legal process for an improper purpose. Eresian has never stated any legitimate basis for either the motion to reopen or his appeal of the order denying that motion.

3.  Eresian's appeal is untimely <u>by more than 70 days</u>. Even a cursory review of the procedural rules would have revealed that the notice of appeal should not have been filed. Under Bankruptcy Rule 8002(a), Eresian had 10 days from entry of the Denial Order in which to file the notice of appeal. Alternatively, Eresian was required to move within the time limits set forth in Bankruptcy Rule 8002(c) for an extension of the time to file a notice of appeal. Eresian did neither.

4.  By letter dated April 10, 2008, which was a follow up to an earlier telephone discussion, Mr. Eresian was warned that the appeal was untimely and the untimeliness was incurable. Despite ample opportunity to withdraw the notice of appeal, knowing the appeal could not be prosecuted, Mr. Eresian failed to withdraw the appeal. This is not a simple case of ignorance of the rules by a pro se party.[1] As was discussed at some length in the filings with the Bankruptcy Court in the Chapter 7 case, both in seeking dismissal of the involuntary petition by a Mr. Wilson, an individual who by no coincidence has some history with Mr. Eresian, and in seeking denial of the motion to reopen, Mr. Eresian is not a stranger to the legal system, particularly bankruptcy matters, and intentional delays and protracted litigation appear to be his modus operandi.

---

[1] It is black letter law a trust may not be represented *pro se* through its trustee or any non-lawyer. *Van De Berg v. Commissioner*, 175 Fed. Appx. 539 (3d Cir. 2006) ("a non-lawyer trustee… may not represent a trust *pro se* before this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel."). Because Mr. Eresian, a non-lawyer, filed the Motion to Reopen, purporting to represent his Zu Zu Realty Trust *pro se* before this Court, the Motion to Reopen must be denied. The issue of Mr. Eresian's representation of Zu Zu Realty Trust was raised before the Bankruptcy Court. The Bankruptcy Judge however deferred on the issue given that the motion to reopen was denied from the bench for other reasons..

5.   Federal Rule of Civil Procedure 11(b) provides that, by presenting a pleading or other paper to the court, an attorney or unrepresented party certifies, among other things, that to the best of his knowledge, information, belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation. Eresian's filing of the notice of appeal despite the clear dictates of Bankruptcy Rule 8002(a) and (c) as well as the fact that Eresian's filings do not serve a legitimate purpose violate that certification. At a minimum, Mr. Eresian, a sophisticated litigant in state court and bankruptcy matters, including bankruptcy appeals, was required to make a reasonable review of the applicable laws and procedural rules before doing anything. Reasonable inquiry into the rules governing appeals would have revealed that after January 21, 2008, Eresian could not bring an appeal without first seeking an extension of time within the time limits set forth in Bankruptcy Rule 8002(c). For the reasons stated in the Appellee's motion to dismiss the appeal, which is incorporated by reference herein, Eresian's appeal was filed for an improper purpose. Under the circumstances, sanctions are warranted.

## Conclusion

The Appellees respectfully request that their motion for sanctions under Rule 11(c) be granted, and that this Court order Mr. Eresian and Zu Zu Realty Trust, jointly and severally, to reimburse Appellees for all legal fees incurred by Appellees in responding to Eresian's notice of appeal and any other filings in this appeal.

Respectfully submitted,

CAMBRIDGE PROPERTIES, LLC
SOUTHBRIDGE SAVINGS BANK,

By their counsel,

  /s/ David M. Fournier
David M. Fournier (DE No. 2812)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

- and -

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

May 9, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VII HOLDINGS COMPANY | ) | Bankr. Case No. 06-10935 (BLS) |
| | ) | Bankr. Appeal No. 08-16 |
| Involuntary Debtor. | ) | |
| | ) | |
| ARA ERESIAN, JR., | ) | |
| Appellant | ) | |
| v. | ) | Civil Action No. 08-258-JJF |
| | ) | |
| CAMBRIDGE PROPERTIES LLC, | ) | |
| SOUTHBRIDGE SAVINGS BANK | ) | |
| | ) | |
| Appellees | ) | |

**ORDER IMPOSING SANCTIONS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(c)**

UPON CONSIDERATION of the Motion Of Cambridge Properties, LLC And Southbridge Savings Bank ("Appellees") For Sanctions Under Federal Rule Of Civil Procedure 11(c) (the "Motion"), adequate notice of the same having been provided and the Court finding that good cause exists to grant the relief requested therein, it is hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED that sanctions are hereby imposed against Ara Esesian, Jr. and ZuZu Realty Trust, jointly and severally, pursuant to Federal Rule of Civil Procedure 11(c), in an amount equal to (i) all attorneys' fees and expenses and all mediation costs incurred by Appellees related to the above-captioned appeal, and (ii) all attorneys' fees and expenses incurred or to be incurred by Appellees in connection with the Motion and Certification (collectively, the "Sanctions

#9716499 v1

Award"), in favor of Appellees. Appellees shall file a certification of such fees, expenses and costs (the "Certification") within ten days following entry of this Order, together with a proposed form of judgment. Any opposition to the Certification must be filed with the Court within ten days after the date of filing of the Certification. In the absence of a timely-filed opposition to the Certification, the Court shall enter judgment in favor of Southbridge Savings Bank and Cambridge Properties, LLC jointly, and against Ara Eresian, Jr. and ZuZu Realty Trust jointly and severally, in the amount reflected in the Certification.

Dated: _____, 2008

_____
Joseph J. Farnan, Jr.
United States District Judge

#9716499 v1

## Certificate of Service

I, David M. Fournier, hereby certify that on the 10th day of June, 2008, I caused the foregoing **Motion of Cambridge Properties, LLC and Southbridge Savings Bank for Sanctions under Federal Rule of Civil Procedure 11(c)** to be served upon the following parties by first-class mail, postage prepaid, or in the manner indicated

Ara Eresian, Jr.
Trustee of Zu Zu Realty Trust
P.O. Box 449
Shrewsbury, MA 01545
**Via First Class Mail and Priority Mail**

John Wilson
196 West River Street
Orange, MA 01364
**Via First Class Mail**

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE 19805
**Via First Class Mail**

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE 19899-0035
**Via First Class Mail**

/s/ David M. Fournier
David M. Fournier

#9715617 v1