June 23, 2008

**VIA FEDERAL EXPRESS OVERNIGHT MAIL**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
J. Caleb Boggs Federal U.S. Courthouse
844 King Street
Wilmington, DE  19801

In re  VII Holdings Company;
  United States District Court for the District of Delaware;
  C.A. No 1:08-00258-JJF[1]

Dear Judge Farnan:

  I am the named Appellant in my legal capcity as the sole Trustee of Zu Zu Realty Trust, u/d/t dated October 31, 1996 and recorded with the Worcester County (Southern District) Registry of Deeds on April 30, 1997 in Book 18790, Page 4, ("Appellant"), and to date, have appeared and prosecuted the above referenced appeal *pro se*.
  I am writing this letter to you directly in response to the letter addressed to you of David M. Fournier, counsel of record for Appellees, Cambridge Properties, LLC and Southbridge Savings Bank, ("Appellees"), dated Friday, June 20, 2008, the original of which was hand-delivered to the Clerk's office of the court that very same day. The letter requests, *inter-alia*, that you immediately act and dismiss the above referenced appeal, and grant Appellees a waiver of the mediation requirement imposed upon the parties as previously ordered by Chief Judge Sue L. Robinson of this court, which has previously been rescheduled for Thursday, June 26, 2008.
  As the official court docket record of this case should indicate, on or about May 12, 2008, Appellees, again through counsel, filed a motion seeking (1) a waiver of the mediation process, and (2) to dismiss Appellant's appeal for failure to timely comply with Fed. R. Bankr. P. 8002 and 8006. In that motion, of which I request that you take judicial notice, is the challenge by Appellees as to my legal capacity to prosecute this appeal on behalf of the Appellant, and by necessary implication, my standing. See Motion, Exhibit "A", p. 2.
  Today, June 23, 2008, I responded to various letters previously addressed to the attention of the parties from the court appointed Mediator, Richard G. Elliott, Jr., of the law firm of Richards, Layton & Finger, P.A., dated June 3rd, 9th, and 18th, 2008. In that letter, a copy of which I am enclosing herewith, I attempted to address all of the material issues surrounding the mediation process as raised by Mr. Elliott as well as

---

[1] Formally, 1:08-00258-UNA.

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware

In re  VII Holdings Compnay;
    United States District Court for the District of Delaware;
    C.A. No. 1:08-00258-JJF

June 23, 2008

Page 2 of 2

Appellees, concluding with my request upon Mr. Elliott that he report the question of my legal capcity and standing to appear on behalf of Appellant as raised by Appellees to the Court.

    As the letter details, given the question as to my legal capacity and standing, it would be prejudicial to Appellant for this Court to grant Appelless' request and summarily dismiss [its] appeal without first preliminarily determining whether the undersigned in fact does have legal capacity and standing[2], and then if held to be in the negative, permitting Appellant leave to secure legal counsel to address the alleged jurisdictional defects raised by Appellees in their motion to dismiss (without waiving Appellant's right to argue, through counsel, that the undersigned can in fact appear and prosecute Appellant's appeal *pro se*, as well as representing Appellant throughout the mediation process).

    Given all of the foregoing, it is respectfully requested that this Court *sua sponte* (1) preliminarily determine the legal capacity and standing of the undersigned to appear and prosecute Appellant's appeal *pro se*; (2) stay this appeal pending such determination; (3) stay the mediation process; (4) if it is determined that the undersigned lacks such legal capacity and/or standing, grant Appellant thirty (30) days leave to secure legal counsel, and (5) for such other and further relief as is just and appropriate under the attendant circumstances.

Respectfully submitted,

Ara Eresian, Jr.
cc:  file
     David M. Fournier, Esq.
     Richard G. Elliott, Jr., Esq.

---

[2] As the letter reveals, Judge Shannon of the Bankruptcy Court below permitted the undersigned as Trustee of Zu Zu Realty Trust to file the motion to re-open the Debtor's bankruptcy case *pro se*, and also to subsequently appear and represent himself at the hearing upon the motion as Trustee of Zu Zu Realty Trust *pro se*. See Letter, at p. 3.