```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

IN RE:                         :
                               :   Involuntary Chapter 7
VII HOLDINGS COMPANY,          :
                               :   Bankr. Case No. 06-10935-BLS
          Involuntary Debtor.  :
_____:_____
                               :
ARA ERESIAN, JR.,              :
                               :
          Appellant,           :
                               :
     v.                        :   Civil Action No. 08-258-JJF
                               :
CAMBRIDGE PROPERTIES, LLC,     :
and SOUTHBRIDGE SAVINGS BANK,  :
                               :
          Appellees.           :
```

### MEMORANDUM ORDER

Pending before the Court is (1) a Motion Of Cambridge Properties, LLC And Southbridge Savings Bank (I) For Waiver Of Mediation Requirements, And (II) To Dismiss Appeal Of Order Denying Motion To Reopen Chapter 7 Bankruptcy Case (D.I. 3) and (2) a Motion Of Cambridge Properties, LLC And Southbridge Savings Bank For Sanctions Under Federal Rule Of Civil Procedure 11(c) (D.I. 4). In response to these Motions, Appellant Ara Eresian, Jr., as Trustee of Zu Zu Realty Trust (the "Trust"), filed a letter (D.I. 6) requesting the Court to stay this action and the requirement for mandatory mediation, pending a determination from the Court as to whether he has the legal capacity and standing to prosecute this appeal *pro se*. The Court subsequently stayed mediation until further Order of the Court. (D.I. 7).

It is well-settled that "a non-lawyer trustee . . . may not represent a trust *pro se* before this Court." Van De Berg v. C.I.R., 175 Fed. Appx. 539 (3d Cir. 2006) (dismissing appeal for failure to obtain counsel). Mr. Eresian contends that the Honorable Brendan L. Shannon permitted him to file the motion to reopen the Debtor's case in the Bankruptcy Court and to prosecute that motion *pro se* at a hearing. (D.I. 6 at n. 2). The Court has listened to the audio recording of the December 13, 2007 hearing before Judge Shannon. Judge Shannon expressly declined to determine whether Mr. Eresian's *pro se* appearance was appropriate and specifically reserved ruling on Appellees' objection to Mr. Eresian's *pro se* representation of the Trust, deciding instead to proceed to the merits of the parties' dispute. Audio Recording of 12/13/07 Hearing (addressing Mr. Eresian's threshold inquiry regarding his capacity to proceed *pro se* and stating that "as an accommodation, without ruling on whether or not it is or isn't appropriate for you to actually represent Zu Zu Reality Trust, in order to facilitate the process and move the process forward, I will hear from you today.").

Having concluded that Mr. Eresian's *pro se* representation of the Trust is not permitted, the Court will allow Mr. Eresian a period of thirty (30) days to retain counsel to prosecute this appeal. In the interim, the Court will deny Appellees' Motions with leave to renew and stay and administratively close this

2

action, with leave to the parties to file a written request to reopen this action for further proceedings, including but not limited to, a request for an Order dismissing this appeal in the event Mr. Eresian fails to obtain counsel.  In addition, the Court may *sua sponte* reopen this action and dismiss this case in the event Mr. Eresian fails to comply with the Court's Order to secure counsel.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Within **thirty (30) days** of the date of this Order, Plaintiff shall retain counsel as evidenced by a duly docketed notice of appearance by counsel.

2. The Motion Of Cambridge Properties, LLC And Southbridge Savings Bank (I) For Waiver Of Mediation Requirements, And (II) To Dismiss Appeal Of Order Denying Motion To Reopen Chapter 7 Bankruptcy Case (D.I. 3) is **DENIED** with leave to renew.

3. The Motion Of Cambridge Properties, LLC And Southbridge Savings Bank For Sanctions Under Federal Rule Of Civil Procedure 11(c) (D.I. 4) is **DENIED** with leave to renew.

4. The above-captioned action shall be **STAYED** and **ADMINISTRATIVELY CLOSED**.  Any party may seek leave to reopen this action by written request to the Court.

March 20, 2009
DATE

UNITED STATES DISTRICT JUDGE