IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                              :
                                    :    Involuntary Chapter 7
VII HOLDINGS COMPANY,               :
                                    :    Bankr. Case No. 06-10935-BLS
            Involuntary Debtor.     :
_____:_____
                                    :
ARA ERESIAN, JR.,                   :
                                    :
            Appellant,              :
                                    :
    v.                              :    Civil Action No. 08-258-JJF
                                    :
CAMBRIDGE PROPERTIES, LLC,          :
and SOUTHBRIDGE SAVINGS BANK,       :
                                    :
            Appellees.              :

Ara Eresian, Jr., Pro Se Appellant.

James T. Hargrove, Esquire and Peter D. Bilowz, Esquire of
GOULSTON & STORRS, P.C., Boston Massachusetts.
David M. Fournier, Esquire of PEPPER HAMILTON LLP, Wilmington,
Delaware.

Attorneys for Appellees.

Melanie C. Eresian and Eva Marie Eresian, Pro Se Movants.

**MEMORANDUM OPINION**

June 19, 2009
Wilmington, Delaware

Farnan, Joseph J. Farnan, District Judge.

Pending before the Court is (1) the Motion Of Melanie C. Eresian And Eva Marie Eresian For An Order Re-Opening Case, To Be Joined As Party Appellants, And To Be Permitted To Prosecute Appeal Pro Se (D.I. 11); (2) a Motion To Re-Open Appeal And Renewed Motion Of Cambridge Properties, LLC And Southbridge Savings Bank To Dismiss Appeal Of Order Denying Motion To Reopen Chapter 7 Bankruptcy Case (D.I. 14), and (3) a Motion To Dismiss For Lack Of Subject Matter Jurisdiction filed by Melanie C. Eresian and Eva Marie Eresian. For the reasons discussed, the Court will grant Appellees' Motion To Re-Open for the limited purpose of considering their Renewed Motion To Dismiss. The Court will grant Appellees' Motion To Dismiss, and deny both Motions filed by Melanie C. Eresian and Eva Marie Eresian.

## I. BACKGROUND

By Memorandum Order (D.I. 9) dated March 20, 2009, the Court concluded that Appellant could not litigate this action *pro se* on behalf of Zu Zu Realty Trust (the "Trust"), and ordered Appellant to retain counsel within thirty (30) days of the Court's decision. In addition, the Court denied, with leave to renew, motions to dismiss and for sanctions filed by Appellees. The Court further stayed and administratively closed this action.

Thereafter, Appellants' sisters, Melanie C. Eresian and Eva Marie Eresian, as fifty percent beneficiary holders each of the

1

Trust moved to reopen this action, join as parties, and be permitted to prosecute this appeal *pro se*. Appellees responded with a renewed request to dismiss this action and impose costs and the payment of attorneys' fees on Appellant. Appellants' sisters filed an opposition and a request for dismissal of the action based on lack of subject matter jurisdiction.

## II. PARTIES' CONTENTIONS

By their Motion to Dismiss, Appellees contend that the Court lacks subject matter jurisdiction over this appeal, because Appellant failed to timely appeal the Bankruptcy Court's January 9, 2008 Order. Appellees contend that there is no authority to support the joinder of Melanie and Eva Marie Eresian, and that their joinder does not cure the lack of subject matter jurisdiction. Appellees also contend that attorneys' fees and costs should be awarded in their favor based on Appellant's actions in frustrating and delaying this case, including his frivolous attempts to involve his sisters in this litigation.

Appellant has not retained counsel as required by the Court's March 20 Order and has not responded to Appellees' Motion. However, Appellants' sisters have filed briefs contending that they should be permitted to litigate this action on a *pro se* basis as beneficiaries of the Trust. They also contend that this matter should be dismissed for lack of subject matter jurisdiction, but request a remand to the Bankruptcy Court

for further proceedings because they were not given "notice and an opportunity to be hear *prior* to the Bankruptcy Court exercising *either in personam or in rem* jurisdiction over their property interests." (D.I. 15 at 5, emphasis in original.)

## III. DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of the date of entry of the judgment that is appealed from. Failure to file a timely notice of appeal deprives the Court of jurisdiction to review the Bankruptcy Court's order or judgment. In re Universal Minerals, 755 F.2d 309 (3d Cir. 1985). Extensions of time to file a notice of appeal are contemplated by Rule 8002; however, such a request must be made by written motion filed before the time for filing a notice of appeal has expired. A motion for extension of time to file a notice of appeal may also be filed not later than 20 days after the expiration of the time for filing a notice of appeal; however, such a late filed extension may only be granted upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2).

In this case, the Bankruptcy Court entered its Order denying Appellant's motion to reopen the case on January 9, 2008. Appellant did not file his notice of appeal until April 3, 2008, over eighty days after the Bankruptcy Court entered its decision. Appellant did not move for an extension of time within the time

3

limits provided in Rule 8002, and Appellant has not made any argument under the excusable neglect standard.  However, even in the case of excusable neglect, the issue must be raised and the appeal filed within the 30 day window prescribed by Rule 8002. Shareholders; Sheridan Broadcasting Corp. v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997) (noting that 30 days consists of 10 days for the appeal and 20 days for the extension of time). "The rule does not allow a party to claim excusable neglect after the 30 days have expired."  Id.; see also Colon-Santana v. Martinez-Malave, 125 F.3d 841, 1997 WL 556059 (1st Cir. Aug. 22, 1997); Universal Minerals, 755 F.2d at 312.  Because Appellant did not comply with the time frames set forth in Rule 8002 for filing his notice of appeal, the Court concludes that it lacks jurisdiction to consider his appeal.

In addition, the Court concludes that the joinder of Appellants' sisters to this action will not cure the lack of subject matter jurisdiction.  Accordingly, the Court will deny the Motions filed by Melanie and Eva Marie Eresian.

Although the Court notes Appellees' arguments in support of sanctions, the Court declines to award sanctions at this juncture.  Without taking into consideration Appellant's filings or conduct before the Bankruptcy Court, the Court finds, in this case, that Appellant's filings have not risen to the level of being vexatious.  Appellees accuse Appellant of enlisting his

sisters to delay and frustrate this action with their filings;
however, absent more, the Court will not base an award of
sanctions on that speculation.

## IV.   CONCLUSION

For the reasons discussed, the Court will grant Appellees'
Motion To Reopen and grant Appellees' Renewed Motion To Dismiss.
The request for sanctions will be denied, and the Motions filed
by Melanie and Eva Marie Eresian will be denied.

An appropriate Order will be entered.